IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PERSONAL SERVICE
INSURANCE COMPANY,

    Plaintiff,

v.                                    Civil Action No. 5:09CV132
                                                  (STAMP)
PAMELA J. PAYTON and
PENNY KEMP-BRIGGS,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT PAMELA J. PAYTON'S
MOTION TO DISMISS OR STAY**

I.  Procedural History

The plaintiff, Personal Service Insurance Company ("PSIC"), filed a declaratory judgment action against the defendants, Pamela J. Payton ("Payton") and Penny Kemp-Briggs ("Kemp-Briggs"), seeking a declaration that it has no duty to defend or indemnify Kemp-Briggs in connection with claims asserted against her in an underlying action brought in the Circuit Court of Ohio County, West Virginia. Payton filed a motion to dismiss or stay this action, so that the coverage issues can be addressed in the state court. PSIC filed a response in opposition,[1] to which Payton filed a reply.

On March 23, 2010, this Court held a status and scheduling conference in the above-styled civil action. At that conference, this Court requested that the parties keep it apprised of matters being litigated in the Circuit Court of Ohio County, West Virginia.

---

[1]Kemp-Briggs did not file a response.

Accordingly, on June 1, 2010, Payton filed a status report with this Court. Because this status report was submitted only by Payton and not on behalf of all the parties in this case, however, PSIC and Kemp-Briggs were directed to file any responses they might have to the status report. Both parties filed timely responses to Payton's status report.

Upon review of the memoranda and subsequent status reports submitted by the parties, as well as the applicable case law, this Court finds that Payton's motion to dismiss or stay should be granted in part and dismissed in part. To the extent that Payton requests a dismissal of this action, the motion is denied. Nevertheless, for the reasons set forth below, this Court grants Payton's request for a stay.

## II. Facts

On December 30, 2005, Payton was involved in a vehicle accident with another vehicle owned by Kemp-Briggs and driven by David D. Seladoki. PSIC had issued Kemp-Briggs a policy of insurance providing liability coverage.

Following PSIC's issuance of a denial of liability letter surrounding the accident, Payton filed suit against both Kemp-Briggs and Seladoki in the Circuit Court of Ohio County, West Virginia. After being served with a copy of the summons and complaint, Kemp-Briggs failed to answer or appear. Furthermore, she did not notify PSIC of the suit or any other trial proceedings.

Ultimately, a judgment was entered against Kemp-Briggs as to liability, and a trial was scheduled to address damages. Kemp-Briggs, however, did not appear for that trial, and on September 29, 2009, a judgment was entered against her for approximately $490,000.00. Thereafter, Kemp-Briggs filed a motion to set aside the judgment, which was later denied.

On April 16, 2010, Kemp-Briggs filed a petition for appeal in the Supreme Court of Appeals of West Virginia, requesting that the Court overturn the trial court's entry of a default judgment. Also before the state trial court is a motion for reconsideration. Neither the Supreme Court of Appeals of West Virginia, nor the trial court, have issued rulings on these pending matters. Furthermore, Payton filed a motion to amend her complaint in the state court to file a declaratory judgment action.

### III. Discussion

In her motion, Payton requests that this Court dismiss or stay the above-styled civil action pursuant to the abstention doctrine articulated in Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995), because there is a state court proceeding pending in which coverage issues can, and should be, resolved.

PSIC responds that Payton's state court action is no longer pending, and that there were never any coverage issues pending or raised in that action. In its June 11, 2010 response to Payton's status report, PSIC reiterates these arguments. Although Kemp-Briggs did not file a response to Payton's motion, in her response

3

to the status report, she also disputes that there is currently a state court action pending given the petition for appeal to the Supreme Court of Appeals of West Virginia.

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, federal courts are not required to hear declaratory judgment actions. See Nautilus Ins. Co. v. Winchester Homes, 15 F.3d 371, 375 (4th Cir. 1994). Rather, a district court's decision to hear such a case is discretionary. Id. In Wilton, 515 U.S. at 277, the Supreme Court directed district courts to apply guidelines pronounced in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942), in determining whether to exercise jurisdiction. Accordingly, "where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties," a district court should decline to exercise jurisdiction over the declaratory judgment action. Brillhart, 316 U.S. at 495.

The United States Court of Appeals for the Fourth Circuit has articulated several factors that should guide a district court in determining whether to entertain a declaratory judgment action. The first set of standards was stated in Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937). In that case, the Court held that a district court should exercise jurisdiction over a declaratory judgment action when it finds that the relief sought "will serve a useful purpose in clarifying and settling the legal relations in issue" and "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the

4

proceeding." Id. The Court built upon these principles in Mitcheson v. Harris, 955 F.2d 235, 237-40 (4th Cir. 1992), suggesting that district courts also consider:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; and (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of overlapping issues of fact or law.

Id. (as cited in Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994)). Later in Nautilus Ins. Co. v. Winchester Homes, Inc., the Fourth Circuit added that courts should also consider "whether the declaratory judgment action is being used merely as a device for 'procedural fencing' -- that is, 'to provide another forum in a race for res judicata' or 'to achieve a federal hearing in a case otherwise not removable.'" 15 F.3d at 377 (quoting 6A J. Moore, B. Ward & J. Lucas, Moore's Federal Practice, ¶ 57.08[5] (2d ed. 1993)).

An analysis of this issue using the factors outlined in Nautilus leads this Court to conclude that a stay of the above-styled civil action is appropriate. First, it appears that a West Virginia state court would have significant interest in hearing this case, as the accident involved a West Virginia vehicle accident and claimant. Furthermore, there are several motions still pending in the West Virginia state court system, including a petition for appeal before the Supreme Court of Appeals of West

5

Virginia, as well as a motion for reconsideration and motion to amend the complaint before the trial court. The motion to amend the complaint seeks to file a declaratory judgment involving identical issues to those presented in this declaratory action, essentially PSIC's duty to indemnify. Should Payton be allowed to amend her complaint to file a declaratory judgment, this Court believes that this dispute can be more efficiently resolved in the state court. Furthermore, permitting this action to proceed at this time may result in unnecessary entanglement between the federal and state courts, as this Court will be faced with deciding an issue that has been presented in identical form to the state court, if Payton is allowed to amend the complaint.

Accordingly, while this Court does not believe that dismissal of this civil action is necessary, for the reasons stated above, it does find that a stay is appropriate until the pending motions are resolved in the state court action.

## IV. Conclusion

For the reasons set forth above, Payton's motion to dismiss or stay is GRANTED IN PART and DENIED IN PART. To the extent that Payton requests dismissal of this action, the motion is DENIED. To the extent that Payton requests a stay, however, the motion is GRANTED. Accordingly, this action is STAYED pending any new rulings in the underlying state court action. The parties are DIRECTED to apprise this Court, through a joint status report, of any developments or rulings issued in the state court action,

including rulings on the petition for appeal, motion for reconsideration, and motion to amend complaint. Upon receiving any status report from the parties, this Court will review the matter, and consider whether the stay shall continue or be lifted.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED: June 17, 2010

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE